UNITED STATES of America,
Plaintiff,

v.

CITY OF CHICAGO et al.,
Defendants.

Renault ROBINSON et al.,
Plaintiffs,

v.

James B. CONLISK, Jr., et al.,
Defendants.

Tadeo Robert CAMACHO et al.,
Plaintiffs,

v.

James B. CONLISK, Jr., et al.,
Defendants.

Renault ROBINSON et al.,
Plaintiffs,

v.

William E. SIMON et al.,
Defendants.

Nos. 73 C 2080, 70 C 2220, 73 C 1252
and 75 C 79.

United States District Court,
N. D. Illinois, E. D.

Nov. 13, 1975.

Frank Cicero, Jr., Thomas A. Gottschalk, John P. Wilson, Jr., Gary M. Elden, Chicago, Ill., James M. Johnstone, Kirkland, Ellis & Rowe, Washington, D. C., for Renault Robinson and others.

Ilana Diamond Rovner, Chicago, Ill., Donald Pailen, Francis R. Cronin, Elaine C. Asable, Dept. of Justice, Washington, D. C., for the Government.

William R. Quinlan, Acting Corp. Counsel, Richard J. Phelan, Earl L. Neal, Sp. Counsel, Daniel R. Pascale, Ann Acker, Jerome A. Siegan, Roseann Oliver, Asst. Corp. Counsels, Chicago, Ill., for the City of Chicago, and others.

Michael L. Meyer, Barry S. Alberts, Schiff, Hardin & Waite, William J. McNally, Judith Bernstein, Chicago, Ill., for Camacho, and others.

Medard Narko, Lloyd Sonenthal, Chicago, Ill., for intervenor-defendants Roy Isakson, Fred Sansone, Robert Buckner, Larry Payne, Martin Leal, George Flood, and others similarly situated.

Perry L. Fuller, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, E. Michael Kelly, James J. Ahern, Chicago, Ill., for intervenor-defendants Nicholas J. McNamara, John Meade, Thomas W. Toolis, John Hagemann, Richard Kraft, James Moore, Michael J. Connolly, Edward Wodnicki, John F. Kelly, August J. Annerino, Thomas P. McGady, Austin J. Kennedy, Howard A. Knight, Ronald R. Rubin, Paul S. Jankowski, Robert W. Goldsmith, William J. Collins, Nestor W. Chakonas.

Philip B. Kurland, Norman J. Barry, Donald E. Egan, Alan L. Unikel, Roths-

child, Barry & Myers, Chicago, Ill., for Arado intervenors.

Richard Gutman, Mary L. Sfasciotti, Chicago, Ill., for Burauer intervenors.

## MEMORANDUM DECISION

MARSHALL, District Judge.

On October 7 in an unreported memorandum opinion, the Court of Appeals for this circuit affirmed our order of June 6, 1975, which denied the motion of intervening defendants Louis Arado, et al., to enjoin the Chicago Police Department from making temporary sergeant promotions. *United States of America, et al., v. City of Chicago, et al.*, 525 F.2d 695 (7th Cir. 1975). The Arado intervenors hold places on the 1973 sergeants promotion list, the use of which we enjoined preliminarily on November 7, 1974. *United States of America, et al. v. City of Chicago, et al.*, 385 F.Supp. 543 (N.D.Ill.1974).

In their appeal, the Arado ·appellants seemingly found it necessary to go behind the June 6 temporary sergeant order to the end that they challenged all of the proceedings here as they relate to the 1973 sergeants promotion list. Their statement of facts on appeal reviewed the procedure for the 1973 sergeants examination, the content of that examination, the results of the examination and the results of a concurrent validity study conducted by the City following the administration of the examination. The City's failure to validate the examination and its resulting promotion list was excused by the appellants as being occasioned by "various computational errors . . . discovered after the case had been argued." Arado Brief on Appeal, p. 13.[1]

The brief challenged the preliminary injunction of November 7. It argued at length evidence which had been adduced during the trial on the merits which was conducted here March 10 through May 30, 1975. It asserted that plaintiffs had failed to establish a prima facie case of racial discrimination in respect to the 1973 sergeants promotion list; that the inferences drawn from statistical evidence were erroneous; and that even if a prima facie case of discrimination had been established, it had been rebutted.

The City, as appellee on the issue of temporary sergeants, responded to the attack made against the preliminary injunction decision of November 7 and the inferences to be drawn from the evidence adduced in the trial on the merits in a predictable manner. Thus, while asserting that the only issue before the Court of Appeals was whether we had abused our discretion in refusing to enjoin the temporary sergeant program, it "fully agree[d]" with the Arado arguments in respect to "the merits of the validity of the 1973 sergeants examination and the eligibility list derived therefrom, as well as the district court's opinion and preliminary injunction order of November 7, 1974." City's Brief on Appeal, p. 4.

Thus the issue of promotion of temporary sergeants became a stalking horse for an interlocutory appeal on the question of the validity of the 1973 sergeants examination and list. And because the rationale of the decision to enjoin preliminarily the use of the 1973 sergeants list was in all essential respects the same as the rationale of the decision to enjoin preliminarily the use of the 1971 patrolman's roster, the underpinnings of all of our decisions to date were under attack in the Court of Appeals. In these circumstances, we elected to await the decision and guidance of the Court of Appeals before proceeding with the onerous task of preparing final written findings and conclusions based upon the 10,000 page trial record here. Now that the Court of Appeals has ruled, we will turn to that task and discharge it as promptly as our other duties permit.

---

1. The history of the "computational errors" is set forth at 385 F.Supp. 558–559 and need not be repeated here.

The City is understandably restive and particularly with respect to its revenue sharing entitlements, the payment of which was enjoined by the District Court for the District of Columbia on December 18, 1974, until the City is subject to and has complied with a final judgment of this court. On April 21, 1975, after *Robinson, et al. v. Simon, et al.*, 395 F.Supp. 329, D.C. was transferred here, we approved that injunction and denied the city's motion to dissolve it. *United States of America, et al. v. City of Chicago, et al.*, 395 F.Supp. 329 (N.D.Ill.1975).

The City has now renewed its motion to dissolve the order asserting that it is in compliance with our preliminary injunction of November 7, 1974, and that substantial progress has been made toward remedying the discrimination we then found to exist in the Chicago Police Department. In this regard it has been joined by the Chicago Bar Association, the Chicago Crime Commission, the Civic Federation and the Southeast Chicago Commission as amici curiae in support of dissolution. The plaintiffs oppose the City's motion. They assert that the circumstances have not changed since our denial of the earlier motion on April 21, 1975, and they urge that all of the issues in these complex cases be decided simultaneously. The Government resists modification of the revenue sharing injunction although earlier it had opposed the entry of the injunction.

We have given careful consideration to the arguments advanced by the City and the amici curiae. We are persuaded, however, that the circumstances have not changed materially since April 21, and that it remains in the best interests of all of the parties that all of the issues in this case be decided simultaneously. Accordingly, the motion of the City of Chicago to modify the order of December 18, 1974, is denied.