The **GEORGE & ANNA PORTES CANCER PREVENTION CENTER OF CHICAGO, INC.**, and **Wilderness Properties, Inc.**

v.

**INEXCO OIL COMPANY.**

**Civ. A. No. 770642.**

United States District Court,
W. D. Louisiana,
Opelousas Division.

Sept. 23, 1977.

Robert A. Booth, Jr., Joe C. Lesage, Jr., Booth, Lockard, Jack, Pleasant & Lesage, Shreveport, La., for plaintiffs.

John M. McCollam, Gordon, Arata, McCollam & Watters, New Orleans, La., for defendant.

## RULING ON MOTION

NAUMAN S. SCOTT, Chief Judge.

This matter is before us on a motion filed by Inexco Oil Company (defendant) to set aside an entry of default. Fed.R.Civ.P. 55(c). The entry was made by the Clerk of Court upon the request of the George and Anna Portes Cancer Prevention Center and Wilderness Properties, Inc. (plaintiff). Jurisdiction exists by way of diversity of citizenship. 28 U.S.C. § 1332.

This lawsuit was initiated in State District Court, but was removed by the defendants to Federal Court.

Interrogatories were propounded to the defendant on May 16, 1977, and were answered on July 28, 1977. On July 22, 1977 an entry of default in the case was made against the defendant, allegedly for failure to answer the aforementioned interrogatories.

The default was entered pursuant to Rule 55(a), Fed.R.Civ.P.:

"When a party against whom a judgment for affirmative relief is sought *has failed to plead or otherwise defend* as provided ·by these rules and that fact is made to appear by affidavit or otherwise, *the clerk shall enter his default.*" (Emphasis added).

Defendant avers that the scope of 55(a) does not incorporate allowance of a default entry for failure of a party to answer interrogatories. Entry of a 55(a) default is authorized only where the defendant "has failed to plead or otherwise defend". The pleading requirement has been satisfied by the timely filing of defendant's answer. Fed.R.Civ.P. 7(a). However, plaintiff contends that defendant's tardiness in filing answers to the interrogatories constituted a failure to "otherwise defend". In support of that contention plaintiff directs our attention to the case of *Walker & Flavin v. Tilley,* 467 F.2d 219 (3rd Cir. 1972). In *Walker,* a default judgment was rendered against the defendant for failure to answer interrogatories.

A resolution of this dispute revolves around a construction of the term "otherwise defend". The issue is whether an answer to interrogatories constitutes a defense such that the failure to answer constitutes a "failure to defend". We think not. We believe the term presumes the absence of some affirmative action, the presence of which would operate as a bar to satisfaction of the plaintiff's claim: [1]

> "The words 'otherwise defend' refer to attacks on the service, or motions to dismiss, or for better particulars and the like, which may prevent default without presently pleading to the merits." *Bass v. Hoagland,* 172 F.2d 205, 210 (5th Cir. 1949).

As the foregoing indicates, the very terminology of 55(a) precludes its application in the present instance. This conclusion is afforded additional support by the language of Rule 37 of the Federal Rules of Civil Procedure. Rule 37 specifically addresses itself to the procedures and remedies to be utilized for failures to make discovery. Among these remedies is the acquisition of a default judgment in the event of dilatory responses to interrogatories.[2] *Michigan Window Cleaning v. Martino,* 173 F.2d 466 (6th Cir. 1949); *R. de Bouard v. S. S. Ionic Coast,* 46 F.R.D. 1 (S.D.Tex.1969). However, the party allegedly aggrieved by the failure to answer must file a motion with the court to compel the answer. Fed.R. Civ.P. 37(a)(2). Then, only if the court rules in favor of the mover and renders an order compelling the answer, and the party subject to the order fails to obey it, can the mover employ the default mechanism. Fed.

---

**1.** *"Defense.* That which is offered and alleged by the party proceeded against in an action or suit, as a reason in law or in fact why the plaintiff should not recover or establish what he seeks . . ." H. Black, *Black's Law Dictionary,* 507 (4th Ed. 1968).

**2.** Plaintiff cites the *Walker* case for the proposition that default may be obtained by way of 55(a) for failure to answer interrogatories. However, *Walker* makes no such statement, in fact the reported opinion is only two paragraphs long and makes no mention at all of the procedures employed at the District Court level where the default judgment was obtained.

R.Civ.P. 37(b)(2)(C). None of the foregoing procedures were complied with by the plaintiff in the present instance. Further, the courts have held that minor or inadvertent delays in answering interrogatories are insufficient to give rise to the default remedy. *Vac-Air v. John Mohr & Sons,* 471 F.2d 231 (7th Cir. 1973); *Picking v. Penn Railroad Co.,* 11 F.R.D. 71 (M.D.Pa.1951). For the aforementioned reasons, we conclude the entry of default by the Clerk on July 22, 1977 was improvidently made and therefore it is ordered stricken from the docket sheet. Defendant's motion to set aside the entry of default is hereby GRANTED.

THUS DONE AND SIGNED in Chambers, at Alexandria, Louisiana, on this the 23rd day of September, 1977.