**Frank HALL, Leroy Hudson, and Dorothy Hudson, Plaintiffs,**

v.

**LEON COUNTY BUILDING SUPPLY COMPANY, INC., Tom Atkinson, Colonial Financial Services, Inc., and General Electric Credit Corporation, Defendants.**

No. 78–0852.

United States District Court,
N. D. Florida,
Tallahassee Division.

Nov. 27, 1979.

...

Stephen J. Kubik, Larry K. White, Tallahassee, Fla., for plaintiffs.

Frank E. Sheffield, Tallahassee, Fla., for Leon County Bldg. Supply Co., Inc.

Charles G. Cofer, Jacksonville, Fla., for General Electric Credit Corp.

Peter A. Knocke, Tallahassee, Fla., for Colonial Financial Services, Inc.

ORDER OF DEFAULT AGAINST LEON
COUNTY BUILDING SUPPLY
COMPANY, INC.

HIGBY, District Judge.

Upon its own motion, the court enters a judgment of default against Defendant, LEON COUNTY BUILDING SUPPLY COMPANY, INC., on the issue of liability to all Plaintiffs. Federal Rule of Civil Procedure 37(d) provides that upon failure of a party or an officer, director, or managing agent of a party to appear, after proper notice, before the officer who is to take his deposition, the court may enter such order as is just, including a judgment of default. The sanction of default, although extreme, is available and an appropriate and integral part of the discovery process. *See, National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). The facts of this case warrant the extreme sanction. A previous directive order is not a prerequisite. *Robison v. Transamerican*

*Insurance Co.*, 368 F.2d 37 (10th Cir. 1966). The unsuitability of any other remedy, the apparent intransigence (if not willfulness [1]) of LEON COUNTY BUILDING SUPPLY COMPANY, INC. (LEON BUILDING), and the absence of any indication of an excuse are prime considerations in this case, and they are all appropriate factors to consider. *See, National Hockey League v. Metropolitan Hockey Club, Inc., supra; Griffin v. Aluminum Co. of America*, 564 F.2d 1171 (5th Cir. 1977); *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir. 1970); Notes of Advisory Committee on Rules, 28 U.S. C.A. Rule 37 at 64 (Supp.1979).

This is an action to enforce liability under the "Truth in Lending Act," 15 U.S.C. § 1601 et seq., and to enforce liability under related state claims. All claims share as crucial facts the circumstances surrounding Plaintiffs' agreement with LEON BUILDING to purchase and have installed vinyl siding. The representations made to Plaintiffs by LEON BUILDING and the nonexistence or existence and terms of a "first contract" allegedly taken back by the Defendant, LEON BUILDING, are particularly important and in dispute. The nature of LEON BUILDING's business is also an important and disputed issue. Since these issues revolve around LEON BUILDING's activities, its participation in discovery is especially important to Plaintiffs' ability to develop and explore the facts most important to their case.

Three times Plaintiffs have scheduled the deposition of George R. Tomala, once on June 15, 1979, once on August 29, 1979, and once on November 14, 1979. Plaintiffs also scheduled the deposition of George Pappas on June 15, 1979, and November 14, 1979. According to LEON BUILDING's reply to question 26 of Plaintiffs' First Set of Interrogatories and question 36 of Plaintiffs' Second Set of Interrogatories, George Pappas is the President and majority stockholder of LEON BUILDING, and George R. Tomala is the only other officer of the Defendant. Thus, they are clearly within the class who risk default for failure to attend a deposition. All notices were served upon LEON BUILDING's attorney of record. Service upon a party's attorney of record is proper service. Fed.R.Civ.Pro. 5(b); *Diaz v. Southern Drilling Corp., supra.*

Plaintiffs have filed a Motion to Reopen and Compel Discovery which alleges LEON BUILDING's officers refused to attend the June 15, 1979, deposition stating the Company was reorganizing and depositions would have to be taken after reorganization. Plaintiffs alleged they were informed on the morning of the August 29 deposition that George Tomala would not appear and that LEON BUILDING planned to file for bankruptcy. LEON BUILDING's officers simply did not appear at the November 14, 1979, deposition, according to Plaintiffs' allegations.

Plaintiffs' motion further states their attorneys have conferred with LEON BUILDING's attorney, who said he did not know or understand why the officers would not appear. This statement is buttressed by LEON BUILDING's counsel's Motion to Withdraw, which stated he had been requested to take no further action because LEON BUILDING planned to file for bankruptcy and had hired other counsel for that purpose. The motion was denied, and no other attorney has appeared for LEON BUILDING. Plaintiffs' Motion to Reopen and Compel Discovery is unopposed and uncontradicted. This court has already had to reopen discovery once because of LEON BUILDING's officers' refusal to attend the first two depositions.

In this situation, a default is the appropriate remedy. Other available remedies are not adequate. For example, prohibiting the officers from testifying would not com-

---

1. This court does not accept the Second Circuit's holding in *Flaks v. Koegel*, 504 F.2d 702 (2d Cir. 1974), that willful noncompliance must be proven before a default is justified. The ruling flies in the face of the plain meaning of the 1970 amendment to Rule 37(d), removing the "willful" requirement from the rule. And it flies in the face of the very advisory note the court cites, which says "willfulness" is only a factor to consider. Nonetheless, here, there is evidence of willfulness.

pensate for the interference with Plaintiffs' right to develop the facts of their case and could be injurious to the rights of the Codefendant, GENERAL ELECTRIC CREDIT CORPORATION. Similarly, a stay of proceedings would be of no value to the Plaintiffs' discovery efforts. Striking related pleadings would eventually have the same practical effect as a default judgment. An order compelling discovery would be superfluous. The rules of civil procedure themselves compel discovery by parties, and they have been disobeyed. A default judgment, on the other hand, offers something to replace the access to the facts, which the conduct of Defendant's officers hampered. It will also act as a deterrent to these and other litigants who fail to fulfill their obligations under the rules of civil procedure.

The record does not reflect the possible existence of a legitimate excuse for LEON BUILDING's actions. Unlike the Plaintiff in *United Artists Corp. v. Freeman*, 605 F.2d 854 (5th Cir. 1979), LEON BUILDING is represented by counsel. There is no indication LEON BUILDING's officers were not informed of the depositions. To the contrary, Plaintiffs' report of communications from the officers about the first two depositions indicates their awareness of the depositions. Much as in *Diaz v. Southern Drilling Corp., supra*, the only apparent excuses are lame. Neither reorganization nor filing for bankruptcy give a party the right to fail to appear at a deposition. If either was actually occurring and creating problems, moving for a protective order or for a stay of discovery would have been the proper procedure. No such motions have been filed.

This is not a case where the dispute is over a refusal to answer one of many questions. The officers of LEON BUILDING have failed to perform the simple act of appearing at a deposition. LEON BUILDING has access to facts relevant to important issues in this case, and by its failure to fulfill its discovery obligations seriously hampers Plaintiffs' ability to prove their case as well as the Co-defendants' ability to defend. In light of the facts of this case, the court finds that entry of a judgment of

default against LEON COUNTY BUILDING SUPPLY COMPANY, INC., on its liability to the Plaintiffs is the appropriate sanction for the failure of its officers to attend their own depositions. A judgment of default shall be entered. Trial upon the damages issue will be held the week of January 28, 1980, on a date and time to be later set.