**Elmore BRYANT, et al., Plaintiffs,**

v.

**CITY OF MARIANNA, FLORIDA, et al., Defendants.**

**No. MCA 80–0230.**

United States District Court,
N. D. Florida,
Panama City Division.

Feb. 23, 1982.

David M. Lipman, Miami, Fla., for plaintiffs.

Richard Wayne Grant, Marianna, Fla., for defendants.

## MEMORANDUM OF DECISION AND ORDER OF DEFAULT ON LIABILITY

HIGBY, District Judge.

### Introduction

This matter has come before the court pursuant to a series of plaintiffs' motions to compel discovery pursuant to Rule 37 and Rule 55, Federal Rules of Civil Procedure, Motion for Entry of Default Judgment. After giving appropriate notice to all parties, I convened a hearing on plaintiffs' motions at 2:30 p.m. on December 8, 1981, at the United States District Court in Tallahassee, Florida. At that time defendants' counsel failed to appear at said hearing. Through my law clerk I contacted defend-

ants' counsel by telephone and learned that counsel had received notice of the hearing. I held the hearing with plaintiffs and their counsel in attendance. Defendants' counsel was not in attendance.

At the conclusion of the hearing I orally entered a default judgment pursuant to Rules 55 and 37, Federal Rules of Civil Procedure, and Local Rule 7, thus resolving all liability issues in favor of plaintiffs. The court in addition awarded plaintiffs' counsel attorney's fees ($2,400.00) and litigation expenses ($275.50) totaling $2,675.50 for matters relating to past discovery efforts as well as plaintiffs' motion to enter a default judgment.

Pursuant to Rule 52, Federal Rules of Civil Procedure, I now issue my written memorandum of decision.

## FINDINGS OF FACT

### Background of this Litigation

This is an action for injunctive relief under the Thirteenth and Fourteenth Amendments to the Constitution of the United States; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; and the State and Local Fiscal Assistance Act of 1972 (hereinafter Revenue Sharing Act or Act), 31 U.S.C. § 1221 *et seq.* (as amended 1976); which prohibit discrimination based on race, color, national origin, or sex in the use of local, state and federal funds. Plaintiffs charged that the City of Marianna, Florida, by and through their defendant elected officials, has violated plaintiffs' rights not to suffer from discrimination in municipally provided services funded with federal revenue sharing monies and other federal, state and local funds, and their rights to equal protection under the Fourteenth Amendment to the Constitution, other rights protected under the Thirteenth Amendment, and rights protected under various federal statutory provisions.

Plaintiffs have contended that they have been unlawfully denied their rights to equal municipal services including: (1) paving and maintaining streets; (2) water distribution system; (3) storm water drainage facil-

ities; (4) fire protection; (5) park and recreational facilities; (6) street lighting; and (7) sewerage services.

Patterned after *Hawkins v. Town of Shaw*, 437 F.2d 1286 (5th Cir. 1971), *aff'd en banc* 461 F.2d 1171 (5th Cir. 1972); *Johnson v. City of Arcadia*, 450 F.Supp. 1363 (M.D. Fla.1978); and *Dowdell v. City of Apopka*, 511 F.Supp. 1375 (M.D.Fla.1981), plaintiffs, a class of black citizens of the City of Marianna, Florida, and the Local Branch of the Marianna NAACP initiated this civil rights action as a *constitutionally* based case pursuant to 42 U.S.C. § 1982, *et seq.*, on June 20, 1980. This action is also authorized as a *statutory* action under (i) 42 U.S.C. § 2000d et seq. (Title VI of the Civil Rights Act of 1964), and (ii) 31 U.S.C. § 1221 et seq. (State and Local Fiscal Assistance Act of 1972, hereafter "Revenue Sharing Act"). As such, plaintiffs seek to enjoin the City of Marianna: (i) affirmatively, to provide certain municipal service improvements to the black community of Marianna, and (ii) escrow or terminate the expenditure of federal revenue sharing funds, so that such funds will be available as a source of funding for a remedial program for capital improvements to be made in the black community. *See, e.g., United States v. Chicago*, 395 F.Supp. 329 (N.D.Ill. 1975); 405 F.Supp. 480 (N.D.Ill.1975); 411 F.Supp. 218 (N.D.Ill.1976); *aff'd in part, rev'd in part* (pertinent portions affirmed), 549 F.2d 415 (7th Cir. 1977); *cert. denied* 434 U.S. 875, 98 S.Ct. 225, 54 L.Ed.2d 155 (1977), (Escrow of $76,000,000 of Federal Revenue Sharing Funds); *Johnson v. City of Arcadia*, 450 F.Supp. 1363, 1380 (M.D.Fla. 1978), (Escrow of all municipalities' Revenue Sharing dollars); *Dowdell v. City of Apopka*, 511 F.Supp. 1375, 1384 (M.D.Fla. 1981), (Escrow of all municipalities' Revenue Sharing dollars).

### The Reasons for Default

■ This order imposes a default judgment of liability upon the defendants. There are three overlapping reasons for this judgment. It is a sanction under Rule 37 of the Federal Rules of Civil Procedure, a de-

fault by failure to defend under Rule 55 of the Federal Rules of Civil Procedure, and a default by failure to respond under Rule 7(B) of the Rules for the United States District Court, Northern District of Florida. Defendants' behavior in this case leaves no other alternative. They have consistently failed to respond to discovery, respond to motions, and obey court orders. Most recently defendants' attorney did not even attend the hearing on the plaintiffs' motions to compel discovery, for discovery sanctions, and for default judgment.

Plaintiffs' first set of interrogatories and motion for production, copying, and inspection of documents were served with the complaint. After an extension of the time period for responding, those discovery responses were due September 15, 1980. November 14, 1980, the plaintiffs moved to compel responses to the first set of interrogatories. The defendants did not respond to the motion and never sought an extension of time. December 12, 1980, I entered an order compelling the defendants to respond to all outstanding discovery requests by January 15, 1981 (Doc.27). At that point defendants' responses to the first set of interrogatories (due September 15, 1980), the second set of interrogatories (due November 18, 1980), the third set of interrogatories (due December 1, 1980), the first request for admissions (due November 18, 1980), and the second request for admissions (due December 1, 1980) were past due. And their responses to the fourth set of interrogatories were due December 29, 1980. Despite the court order and the additional time given, defendants did not provide the discovery ordered. In addition defendants did not file their answer which was due December 26, 1980.

January 19, 1981, during the class certification hearing the unanswered discovery and overdue answer were discussed. Defendants' response was that they needed more time to gather information and the failure to answer was counsel's oversight. At the hearing I granted additional time to respond to discovery, additional time to file an answer, and directed defendants to pay plaintiffs' attorney's cost in the discovery dispute.

An order filed February 3, 1981, reiterated the rulings made January 19, 1981. It ordered the defendants to respond to the fourth set of interrogatories by March 16, 1981, and to all other pending discovery by February 16, 1981. It also repeated the imposition of costs assessed in the hearing (Doc.33). To date the defendants have not answered the fourth set of interrogatories. They finally filed their responses to the other discovery February 19, 1981, two days after the date for filing ordered by this court.

Since then the situation has, if possible, worsened. Plaintiffs' third request for admissions, due May 11, 1981, and fourth request for admissions, due June 17, 1981, have not been answered. Neither have plaintiffs' fifth, sixth, seventh, and eighth sets of interrogatories, due April 13, 1981; May 11, 1981; June 11, 1981; and July 17, 1981, respectively, been answered.

Plaintiffs filed a second motion to compel discovery, seeking responses to the unanswered discovery and further responses to some of the answered discovery on May 11, 1981 (Doc. 44). Defendants have not responded to that motion. June 29, 1981, plaintiffs moved for sanctions under Rule 37. Again defendants have not responded. I issued an order August 17, 1981, requiring defendants to respond to plaintiffs' discovery motions by September 1, 1981. Defendants have not responded. As one might now suspect, when plaintiffs filed a motion for default judgment on November 9, 1981, defendants did not respond.

I scheduled and held a hearing on all pending motions December 8, 1981. Defendants did not attend. At my direction my law clerk called defendants' attorney who stated the hearing must have slipped his mind. The hearing proceeded as scheduled and I announced my intention to grant the motion for default judgment and award plaintiffs attorney's fees and costs in the discovery dispute. Later that afternoon defendants' attorney visited my office. He apologized for missing the hearing. Failure

to respond to discovery was due, he said, to inadequate records.

■ Defendants' behavior in this case clearly calls for default. Default is a sanction available under Rule 37 for failure to provide discovery. The unsuitability of any other remedy, the intransigence of the defendants, and the absence of any excuse are all factors to be considered. *See, National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Griffin v. Aluminum Co. of America*, 564 F.2d 1171 (5th Cir. 1977); *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir. 1970); Notes of Advisory Committee on Rules, 28 U.S.C.A. Rule 37 at 67 (Supp.1981).

Defendants are plainly intransigent. Two orders compelling discovery were disobeyed. My December 12, 1980, order warned defendants that Rule 37 sanctions would be imposed and referred them to *Hall v. Leon County Building Supply Co., Inc.*, 84 F.R.D. 372 (N.D.Fla.1979), in which I entered a default judgment because of discovery violations. Defendants did not respond to plaintiffs' discovery motions even when ordered to respond.

No excuses are apparent. Defendants have made no effort to seek additional time to respond to discovery requests, motions, or court orders. If information requested is unavailable, that would have been an adequate response to discovery. If it was hard to find, they could have requested more time, but did not.

No other remedy is appropriate. Orders compelling have failed. Plaintiffs' case is dependent upon discovery. It is a racial discrimination challenge to defendants' provision of municipal services to its black citizens. Access to city records is essential to plaintiffs' proof. A default judgment is the most adequate way to remedy defendants' depriving plaintiffs of evidence.

Default is equally appropriate under Federal Rule of Civil Procedure 55, which provides for default judgments against parties who fail to defend a lawsuit. Defendants have not taken a single action in this lawsuit since filing their answer January 29, 1981, almost a year ago. They have not sought nor provided discovery. They have not responded to motions, including the motion seeking a default judgment. They have disobeyed three court orders. In no way can they be said to have defended their lawsuit. And their inaction denies the plaintiffs' right to a determination of their claims as well as the court's duty to dispose of cases before it. Defendants' unresponsiveness has halted the adversarial dispute resolution process. Default is appropriate. *See, H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689 (D.C. Cir.1970).

Default is also appropriate under Local Rule 7(B). It requires filing a responsive memorandum opposing a motion 10 days after the motion is served. The rule specifically provides, "Failure to file and serve such memorandum may be sufficient cause for the granting of the motion by default." Defendants' failure to respond to the motion for default is sufficient reason to grant the motion.

■ Federal Rule of Civil Procedure 37 also allows for imposition of costs and attorney's fees upon parties who fail to provide discovery. That sanction, too, is appropriate here. Plaintiffs' attorney has been forced to spend a great deal of time and effort seeking discovery. The defendants' behavior has been inexcusable and is responsible for the attorney time and money expended.

After consideration of the affidavit and other evidence submitted by Mr. David Lipman, I have decided plaintiffs should be awarded his actual travel expenses of $275.50 and attorney's fees of $2,400.00. That figure represents 32 hours at $75.00 per hour. All but 15 minutes of the time is documented in Mr. Lipman's affidavit, which is unchallenged and appears reasonable. The additional 15 minutes is the time spent in the December 8, 1981, hearing.

■ Mr. Lipman's hourly rate, $25.00 per hour less than he requested, was determined after consideration of the factors set

forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Time and labor have already been mentioned. The questions were neither novel nor difficult. But seeking a default judgment is something a good attorney such as Mr. Lipman is reluctant to do, and dealing with an unresponsive defendant is quite frustrating. No particular skill was required. Other employment was not precluded. Mr. Lipman's customary fee is $100.00 an hour. That, however, is obtained in other jurisdictions. In this district $75.00 per hour is a customary fee for a highly skilled, experienced lawyer like Mr. Lipman. Mr. Lipman's fee is contingent, which made his taking this litigation risky.

No time limitations were imposed. The amount and equitable relief involved are extremely significant. The result has been success.

Mr. Lipman is an experienced attorney. He has handled civil rights work for 10 years. His reputation is good. And his ability, which I have observed in several cases for almost two years, is excellent. The three remaining factors, the undesirability of the case, awards in similar cases, and client relationship, are neutral.

Overall consideration of the 12 factors persuaded me a fee award of $2,400.00 is appropriate.

For all the reasons set forth above it is

ORDERED AND ADJUDGED:

1. Defendants are fully liable to plaintiffs on all claims set forth in the second amended complaint, other than those earlier dismissed.

2. Defendants shall pay attorney David Lipman $2,675.50 within 15 days from the date of this order.

3. Pursuant to Federal Rule of Civil Procedure 36(a), all unanswered requests for admissions are deemed admitted.

4. A hearing upon damages and equitable relief will be scheduled at a later date.