Seymour PIKOFSKY, Alan Lever, Michael Lever, Jack Lever and Celia Lever, Plaintiffs,

v.

JEM OIL, d/b/a Jem Oil Partnership, Olav E. Jore and Howard Mann, Defendants.

No. 83–C–1637.

United States District Court, E.D. Wisconsin.

May 2, 1985.

Donald A. Schoenfeld, Habush, Habush & Davis, Milwaukee, Wis., for plaintiffs.

James Dries, Philipp & Sletteland, Milwaukee, Wis., for defendant O.E. Jore.

R. Edward Veltman, Jr., Crain, Cooksey, Veltman & Pursell, Ltd., Centralia, Ill., for defendant H. Mann.

## DECISION AND ORDER

WARREN, District Judge.

There are three motions presently before the Court in this matter—the motion of defendant Howard Mann for a change of venue, the motion of plaintiffs for the entry of default judgment, and the motion of defendant Howard Mann to dismiss the plaintiffs' complaint for failure to state a claim upon which relief can be granted. The Court, having carefully considered the merits of these several motions, concludes, for the reasons articulated herein, that each must be denied.

## BACKGROUND

This action was initiated on September 23, 1983, when the plaintiffs, all citizens of the State of Wisconsin, filed their complaint alleging principally that the defendants, an Illinois partnership and its two chief executive officers, induced them to invest in certain "working interests" in Illinois oil wells, to their eventual financial damage. Specifically, the complaint states that, between October and December of 1981, plaintiffs Seymour Pikofsky, Alan Lever, and Michael Lever entered into a series of agreements with defendant Jem

Oil for the purchase of interests in wells numbered 701, 702, and 703; similarly, plaintiffs Jack Lever and Celia Lever purportedly executed an agreement with Jem Oil on or about May 27, 1982, for the purchase of a working interest in well number 704. Subsequently, based on representations allegedly made by the defendants with respect to the presence of commercial quantities of oil in the subject wells, all plaintiffs purchased additional working interests.

The gravamen of the complaint is that the defendants made material misrepresentations with respect to the commercial profitability of the Illinois oil wells to induce the plaintiffs' investments; that the defendants provided no substantive information about those wells with the exception of a certain drilling prospect report sent to the plaintiffs on or about May 13, 1982; and, significantly, that the defendants failed to warn of substantial dangers and problems attendant upon oil and gas drilling, potentially affecting the profitability of the investments. Despite the defendants' alleged misrepresentations regarding the financial return on the working interests purchased and the lack of any need for further payments, the wells are either not producing to expected levels or require investments of additional funds to cover expenses, or so the plaintiffs charge.

Alleging violations of Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*; Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j; and Wis.Stat. § 551.01 *et seq.*, the plaintiffs further contend that the defendants have failed to register the securities offerings with the appropriate federal and state agencies or to obtain registration exemptions; that the defendants engaged in reckless and intentional misconduct in making material omissions and misstatements of fact with respect to the sale of the working interests; and that, as a result of their lack of sophistication and consequent reliance on the materially significant misrepresentations by the defendants, the plaintiffs collectively suffered damages totaling $58,000.00. By the ad damnum clause of their complaint, the plaintiffs also seek punitive damages in the amount of one million dollars, attorneys' fees and costs, and such other relief as the Court may deem just and equitable.

On November 15, 1983, defendant Olav E. Jore filed his answer to the complaint, denying all material allegations incorporated therein and raising six affirmative defenses—among them, that the plaintiffs' claims are barred by certain legal and equitable doctrines, including assumption of risk, contributory negligence, estoppel, and laches; that the plaintiffs knew or should have known of any alleged misrepresentations which were, in any event, immaterial to the transactions upon which this action is premised; and that, as one of the three named defendants, he had no knowledge of the purported untruths or omissions and thus played no causative role in the infliction of any injuries suffered by the plaintiffs. Contending that the plaintiffs' prayer for punitive damages is inappropriate under the circumstances of this action, this defendant seeks judgment dismissing the complaint and awarding him appropriate costs and fees.

On December 15, 1983, nearly three months after the filing of the plaintiffs' complaint, defendant Howard Mann interposed a motion for transfer of venue to the United States District Court for the Southern District of Illinois. In summary support of his petition, this movant argues that all of the defendants reside in Centralia, Illinois, and maintain no residences or offices in Wisconsin; that the transactions upon which this lawsuit are based occurred in the Southern District of Illinois; and that the subject oil wells and all relevant records are located in that region.

Some two months later, on February 14, 1984, the plaintiffs moved for the entry of default judgment against defendant Mann on the basis of his purported failure to answer or enter any appearance in this matter. Invoking the relevant prerequisites to securing relief under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the

plaintiffs seek judgment against this defendant for the total amounts of compensatory and punitive damages requested in their complaint, plus interest, reasonable attorneys' fees, and the costs incurred in the prosecution of the action.

In the wake of these cross-motions for the transfer of venue and the entry of default judgment, the Court conducted a brief status hearing on April 12, 1984. At that time, the Court established a briefing schedule on the plaintiffs' Rule 55(b)(2) petition and indicated that it would schedule further proceedings in this matter, as appropriate, in its order resolving the pending motions.[1]

Pursuant to the established filing deadline, the plaintiffs, on April 23, 1984, filed a memorandum in opposition to the motion for a change of venue and in support of the entry of default judgment against defendant Mann. In their brief, the plaintiffs contend, at the outset, that the request for transfer of venue should be dismissed for failure to comply with Local Rule 6.01, requiring that every motion be accompanied by either a supporting brief and appropriate affidavits or a certificate that the moving party does not intend to file such supporting documents. Based on this procedural deficiency, the plaintiffs ask that the motion be summarily denied and default judgment entered.

In substantive response to the request for transfer of this matter to the Southern District of Illinois, the plaintiffs confess to some confusion as to whether the motion is brought under 28 U.S.C. § 1404(a), authorizing transfer of cases based on the convenience of parties and witnesses and in the interest of justice, or under 28 U.S.C. § 1406(a), mandating dismissal or transfer upon a finding that the action is improperly venued in the original forum. Construing the present motion as a request for transfer under § 1404(a), the plaintiffs urge denial of the motion

on the basis of improper presentation. Under FRCP 12(b), all affirmative defenses must be raised by Answer except those specifically enumerated in that subsection. Among others, the only enumerated exception which is relevant is under FRCP 12(b)(3) which allows the matter of improper venue to be raised by motion in lieu of an Answer....

*Plaintiffs' Memorandum of Law* at 5 (April 23, 1984). Since defendant Mann has not filed a formal answer to the complaint, the request for entry of default judgment against him should be granted, or so the plaintiffs conclude.

Parenthetically, the plaintiffs contend that, since defendant Mann has failed to assert any facts demonstrating the impropriety—as opposed to mere inconvenience—of venue in this district, the petition for transfer should not be resolved pursuant to 28 U.S.C. § 1406(a). In any event, the movants have appended to their memorandum the affidavit of plaintiff Seymour Pikofsky, arguably establishing a sufficient basis upon which to conclude that the claim arose in the State of Wisconsin and that venue in this district is therefore proper. On this alternative assumption that the defendants' motion will, indeed, be construed as a request for relief under § 1406(a), the plaintiffs seek an order of the Court requiring that an answer be filed forthwith and establishing dates for further proceedings in this action.

In the final volley of pretrial motions, defendant Mann, on May 21, 1984, filed a petition to dismiss each of the four counts of the plaintiffs' complaint on the basis that none fails to state a claim upon which relief can be granted. Presumably invoking Rule 12(b)(6) of the Federal Rules of Civil Procedure, the movant contends, among other things, that the plaintiffs have failed to allege excusable ignorance of the purported misrepresentations; that the alleged omissions partake of general risks attendant upon any investment in the oil

---

**1.** At the status conference of April 12, 1984, the Court was also advised that defendants Jem Oil and Olav E. Jore are now involved in bankrupt-

cy proceedings. Accordingly, pursuant to 11 U.S.C. § 362(a), all further action against them in this case was stayed.

industry; that the plaintiffs have failed to assert the material significance of any purported misstatements or that they reasonably relied on them to their detriment; and, in any event, that paragraph 17 of the standard purchase agreement—establishing the Illinois statutes as the body of law governing any transactions between the parties—effectively precludes the plaintiffs from asserting violations of Wisconsin state law. Based on these summary arguments, defendant Mann seeks dismissal of all causes of action against him.

As indicated by the Court's description of the rather troubled procedural history of this case to date, only the pending motion for transfer of venue has been fully briefed pursuant to Local Rule 6.01; to date, defendant Mann has not submitted a brief in opposition to the request for the entry of default judgment against him, nor have the plaintiffs noticed any formal opposition to this defendant's dismissal request. Because the Court construes the parties' respective silence as waivers of their rights to argue further the merits of the pending motions, it now resolves these outstanding matters based solely on the record as compiled to date and recounted above.

## DEFENDANT MANN'S MOTION FOR TRANSFER OF VENUE

As the plaintiffs accurately observe, a party to a civil action may properly move for a change of venue under either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). Pursuant to § 1404(a), the federal trial courts are empowered to "transfer any civil action to any other district or division where it might have been brought" based on "the convenience of the parties and witnesses, in the interest of justice...." The plain purpose of § 1404(a) is to prevent the needless expenditure of time, energy, and money and to protect the litigants, witnesses, and the public at large against unnecessary inconvenience and expense. *Monihen v. Oliver Machinery Company*, 502 F.Supp. 36, 38 (E.D.Pa.1980).

■ The burden of establishing that an action should be transferred under this statute rests squarely on the movant. *GTE Sylvania, Inc. v. Consumer Products Safety Commission*, 438 F.Supp. 208, 210 (D.Del.1977). While it is generally recognized that the plaintiff's choice of forum is to be favored in resolving disputes under 28 U.S.C. § 1404(a), *Burbank International, Limited v. Gulf Consolidated International, Inc.*, 441 F.Supp. 819, 822 (N.D.Tex. 1977), the trial judge may also consider other factors subsumed by the broad, remedial purpose of the statute—among them, the convenience of the parties' witnesses, the ease of access to relevant sources of proof, the availability of compulsory process to compel the attendance of unwilling witnesses, the amount of expense for willing witnesses, the relative congestion of calendars of potential transferee and transferor courts, and other practical aspects related to the expeditious and convenient conduct of the trial. *Securities and Exchange Commission v. Page Airways, Inc.*, 464 F.Supp. 461, 463 (D.D.C. 1978). In assessing the merits of a § 1404(a) request, the district court is vested with broad discretion to weigh all relevant factors and to determine if, on balance, the action would proceed more expeditiously and the ends of justice be better served if transfer were effected. *Kline v. Consolidated Rail Corporation*, 461 F.Supp. 326, 327 (E.D.Pa.1978).

■ Based on the considerations advanced by defendant Mann in support of his motion for a change of venue—namely, the location of the defendants' residences and the situs of those transactions upon which this case is premised—the Court might reasonably construe the motion as one addressed to issues of convenience, properly resolved under 28 U.S.C. § 1404(a). At the same time, the Court cannot conclude that the petition should be resolved in the movant's favor. The mere fact that all defendants now live and work in the Southern District of Illinois should not disturb the appropriate balance in favor of the plaintiffs' legitimate choice of forum in the district in which they reside. Moreover, the movant's contention that all rele-

vant transactions occurred in southern Illinois is strongly disputed by the plaintiffs, who contend both in their complaint and in response to the present motion, that solicitations for investments in the working interests were made within the State of Wisconsin through the United States mail. Plaintiff Seymour Pikofsky also affirms that the plaintiffs' agreements were signed in the State of Wisconsin and were mailed from this district with accompanying funds; significantly, he also affirms that "on at least one occasion, defendant, Howard Mann, came to Wisconsin to meet with plaintiffs and other investors regarding their existing investments and to solicit additional investments." *Affidavit* of Seymour Pikofsky at 1–2 (April 23, 1984).

Under these circumstances, the Court cannot conclude that the relevant transactions are so tied to the actual location of the oil wells in southern Illinois that the parties would be seriously inconvenienced if required to litigate this matter—including the identification of relevant witnesses and the retrieval of pertinent documents—in this district. Nothing in the record, beyond the defendant's implicit allegations of inconvenience, demonstrates convincingly that the interests of justice would be served if the plaintiff's selection of forum were now disregarded. *See Bussey v. Safeway Stores, Inc.,* 437 F.Supp. 41, 43 (E.D.Okla.1977) (" ... [U]nless the evidence and circumstances of the case are strongly in favor of transfer, the plaintiff's choice of forum should not be disturbed").

While the propriety of this result is plainly established under 28 U.S.C. § 1404(a), the Court notes that the relevant standards for consideration under 28 U.S.C. § 1406(a) likewise compel denial of the transfer motion; that statute requires that the "district court of a district in which is filed a case laying venue in the wrong division or district ... dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Although both this statute and § 1404(a) are broadly designed to allow transfer of a civil action to another district, § 1406(a) provides for the transfer from forums in which venue is wrongful or improperly layed, whereas § 1404(a) operates on the premise that the plaintiff has properly exercised his or her venue privilege. *Van Dusen v. Barrack,* 376 U.S. 612, 634, 84 S.Ct. 805, 818, 11 L.Ed.2d 945 (1964).

▪ A judicial district is "wrong" under § 1406(a) whenever there exists some obstacle to the expeditious and orderly adjudication of an action on the merits; the statute is accordingly to be construed to remove such procedural obstacles. *Mayo Clinic v. Kaiser,* 383 F.2d 653, 654 (8th Cir.1967). Among the generally accepted prerequisites to transfer under § 1406(a) are the transferor court's subject matter jurisdiction over the action and the propriety of venue in the district to which the matter is transferred. *DC Electronics, Inc. v. Schlesinger,* 368 F.Supp. 1029, 1033 (N.D.Ill.1974).

▪ In resolving a motion brought under this statute, the trial judge may find it appropriate to invoke the relevant provisions of 28 U.S.C. § 1391, establishing the conditions under which federal actions are properly venued. Subsection (b) of that statute provides as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

In determining where a "claim arose" for purposes of § 1391(b), the trial judge need not pursue a literalistic search for one judicial forum out of which the plaintiff's cause of action derived; rather, the court is charged with the responsibility of evaluating the relevant contacts between the forum and the plaintiff's allegations and weighing that forum's convenience for all litigants. *Thornwell v. United States,* 471 F.Supp. 344, 355–356 (D.D.C.1979). It is sometimes said that the place where the claim arose should be ascertained by "advertence to events having operative significance in the case, and a commonsense appraisal of the implications of those events

for accessibility to witnesses and records"; thereafter, venue is properly conferred upon that district in which a substantial portion of the acts or omissions giving rise to the lawsuit occurred, notwithstanding that venue might also lie in other forums. *Lamont v. Haig,* 590 F.2d 1124, 1134 (D.C. Cir.1978).

■ Based on the jurisdictional averment in the complaint, it is clear that this action is not founded solely on the Court's diversity jurisdiction but upon its authority to hear claims framed under the federal Securities Act of 1933, 15 U.S.C. § 77a *et seq.,* and the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* The propriety of venue in this forum thus turns on whether all defendants reside in the Eastern District of Wisconsin or the plaintiffs' claim arose here. 28 U.S.C. § 1391(b). While it is apparently undisputed that each of the named defendants does, indeed, reside in the Southern District of Illinois, the Court finds it reasonable to conclude that the present cause of action did, in fact, arise in the State of Wisconsin.

The Court has already recounted, in its evaluation of the motion to transfer under 28 U.S.C. § 1404(a), the several local contacts attendant upon the investment transactions between the parties to this lawsuit. Most notable among those contacts were the defendants' in-state solicitation of potential investors and the plaintiffs' execution of the several purchase agreements within this judicial district. *See Affidavit* of Seymour Pikofsky at 1–2 (April 23, 1984). Recognizing that the transactional basis for this action does not derive solely from the State of Wisconsin but springs, at least in part, from southern Illinois as well, where the subject oil wells are presumably located, the Court nonetheless finds no fundamental unfairness in determining, in the language of § 1391(b), that the Eastern District of Wisconsin is the forum "in which the claim arose." *See Idaho Potato Commission v. Washington Potato Commission,* 410 F.Supp. 171, 176 (D.Idaho 1975) (concluding that judicial balancing of contacts is a reasonable manner for determining where claim arose, that the plaintiff's choice of forum is to be afforded weight, and that it is just and equitable to respect such choice where, on balance, the weight of contacts does not lie in either state).

Because it concludes, as articulated at length above, that this action is not properly transferred to another judicial district under either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a), the Court will deny the motion of defendant Mann for a transfer of venue.

## THE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Pursuant to Rule 55(a) & (b) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise," the Court may enter default judgment in favor of the moving party. Invocation of the rule not only provides the trial court with a significant tool for enforcing compliance with the other rules of procedure, thereby encouraging an orderly and efficient judicial system, but also serves to protect diligent parties who have acted expeditiously in accordance with those rules. *Chandler Leasing Corporation v. UCC, Inc.,* 91 F.R.D. 81, 83 (N.D.Ill. 1981).

■ At the same time, it is generally held that default judgment is a drastic sanction that should be employed only in extreme situations. *Luis C. Forteza e Hijos, Inc. v. Mills,* 534 F.2d 415, 419 (1st Cir.1976). The important decision to grant or deny a motion for the entry of default judgment lies within the sound discretion of the trial court, which may deny the request where the movant has neither alleged nor demonstrated any prejudice as a result of his or her opponent's failure to

respond to the complaint. *Georgia Power Project v. Georgia Power Company,* 409 F.Supp. 332, 334 (N.D.Ga.1975). Because default judgments are not looked upon favorably, particularly when significant damages may be involved, *In Re Arthur Treacher's Franchisee Litigation* 92 F.R.D. 398, 415–416 (E.D.Pa.1981), an order granting such relief presumes the absence of some affirmative action, the presence of which would operate as a bar to the satisfaction of the plaintiff's claims. *George & Anna Portes Cancer Prevention Center of Chicago, Inc. v. Inexco Oil Company,* 76 F.R.D. 216, 217 (E.D.La.1977).

Applying these general touchstones to the circumstances of the present case, the Court cannot conclude that the plaintiffs are entitled to a favorable ruling under Rule 55(b)(2). The Court fully understands and appreciates their legitimate interest in securing damages for the wrongs they allegedly sustained; it also follows their argument that, to the extent that it constitutes a request for relief under 28 U.S.C. § 1404(a), defendant Mann's motion for a change of venue does not constitute a pleading or other defense properly raised outside the four corners of an answer.

At the same time, the movants themselves concede that a motion challenging venue under 28 U.S.C. § 1406(a) is properly characterized as defensive action sufficient to preclude the entry of default judgment; the mere fact that the Court today finds defendant Mann's charge of improper venue to be meritless does not perforce lead to the entry of judgment in the plaintiffs' favor, nor would they likely argue for such a result. Most significantly, however, the Court finds that, throughout the turbulent litigation of this matter, defendant Mann has demonstrated an intention to defend against the allegations of the plaintiffs' complaint. To date, his attorney has interposed two motions—one procedural and the other substantive—and has appeared on behalf of his client at the Court's status hearing of April 12, 1984. In the end, defend-

ant Mann's litigation record simply does not support a characterization as that of a defaulting party. As an aside, the Court notes its inability to identify any significant prejudice that would accrue to the plaintiffs if this defendant were permitted to proceed with his defense.

 In the exercise of its considerable discretion under Rule 55(b)(2), the Court opines that no legitimate interest in the resolution of the parties' claims on the merits would be advanced if the petition for default judgment were granted, particularly since this defendant's litigation activities fall far short of the level of delinquence typically envisioned under the rule. *See Bryant v. Marianna,* 532 F.Supp. 133, 137 (N.D.Fla.1982) (finding that default is appropriate where defendants have not taken a single action in lawsuit since filing answer one year earlier). Accordingly, the Court will deny the plaintiffs' motion for the entry of default judgment.

## DEFENDANT MANN'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

The Court of Appeals for the Seventh Circuit has recently rearticulated those well-established standards to be applied by the trial judge in resolving a motion, like the present, to dismiss for failure to state a claim:

According to rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may make a motion to dismiss asserting a failure by the plaintiff to state a claim upon which relief can be granted. In interpreting this rule, the Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46 [78 S.Ct. 99, 101–02, 2 L.Ed.2d 80] (1957); *Kurek v. Pleasure Driveway and Park District,* 557 F.2d

580, 586 (7th Cir.1977), *vacated and remanded on other grounds,* 435 U.S. 992 [98 S.Ct. 1642, 56 L.Ed.2d 81] (1978), *cert. denied,* 439 U.S. 1090 [99 S.Ct. 873, 59 L.Ed.2d 57] (1979).... Although we have recognized the Supreme Court's "exceedingly forgiving attitude" toward pleading deficiencies, we have also held that this lenient attitude has never been taken literally, *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984); *Sutliff, Inc. v. Donovan Companies, Inc.,* 727 F.2d 648, 654 (7th Cir. 1984). This circuit has held that a complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Sutliff v. Donovan,* 727 F.2d at 654 (quoting *In Re Plywood Antitrust Litigation,* 655 F.2d 627, 641 (5th Cir.1981), *cert. dismissed* [462 U.S. 1125] 103 S.Ct. 3100 [77 L.Ed.2d 1358] (1983)).

*Carl Sandburg Village Condominium Association No. 1 v. First Condominium Development Company,* 758 F.2d 203, 207–208 (7th Cir.1985).

As indicated *supra* at 729, the plaintiffs have framed their present action under Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*; Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j; and Chapter 551.01 *et seq.* of the Wisconsin Statutes. The first of these statutes provides, in relevant part, that any person who offers or sells a security through the mails "by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading ... and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable to the person purchasing securities from him...." 15 U.S.C. § 77*l*.

Similarly, Section 10(b) of the Securities and Exchange Act of 1934, makes it unlawful for any person by the use of any instrumentality of interstate commerce or of the mails to "use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations ... as [may be] necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j. Finally, Chapter 551.41 of the Wisconsin Statutes provides, in its entirety, as follows:

It is unlawful for any person, in connection with the offer, sale or purchase of any security in this state, directly or indirectly:

(1) To employ any device, scheme or artifice to defraud;

(2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or

(3) To engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

The Court has carefully reviewed the four counts incorporated in the plaintiffs' complaint and, based on this analysis, concludes that their cause of action under the several federal and state securities statutes is sufficiently well-pled to withstand the present attack under Rule 12(b)(6). None of defendant Mann's challenges to the legal sufficiency of that pleading—including, as recounted *supra* at 731, that the plaintiffs have failed to allege that they were excusably ignorant of the claimed misrepresentations, that they reasonably relied on those misstatements and were mislead to their harm, and that the misrepresentations themselves were of significant material facts—none of these challenges is plainly supported by the clear language and import of the complaint; in-

deed, as to some of the alleged deficiencies, the movant's position is simply in error. *See, e.g.,* Plaintiffs' *Complaint* at 5–6 (September 23, 1983) (pleading, among other things, the defendants' "omission and misstatements of material facts in their sales materials" and the plaintiffs' reliance "upon the representations or lack thereof" and their attendant damage). Whether examined with painstaking particularity or considered as a whole, the plaintiffs' complaint unmistakenly sets forth the basis for a prima facie case of material misrepresentation or omission in the sale of securities under Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*; Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 77j; or Chapter 551.41 of the Wisconsin Statutes. Any deficiencies in the factual basis for the plaintiffs' claims under those laws will surely be exposed at trial or upon a proper motion for summary judgment; at this stage in the proceedings, however, their several causes of action should not be dismissed based on the movant's superficial attacks on the language of the complaint.

Likewise, the Court does not view the parties' stipulation to the application of Illinois law, as set forth in the 17th paragraph of their standard agreement, as a sufficient basis upon which to dismiss the third count in particular. While this significant provision will surely form the basis for heated procedural and substantive disputes between the parties, it is far from clear, based on the limited analysis provided by the movant or the language of the paragraph itself, that it was meant to foreclose invocation of non-Illinois law under all circumstances. The Court's experience with forum- and law-selection clauses like this is sufficiently rich to demonstrate the impropriety of summary dismissal absent further argument on the import of paragraph 17 to the resolution of particular legal disputes. *See generally,* § 187(1) *Restatement* (Second), *Conflict of Laws* (1971) ("the law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue"). In any event, the Court does not read the plaintiffs' third cause of action so narrowly as to preclude relief under other state or federal statutes if it is determined that the remedial provisions of Wis.Stat. § 551.01 *et seq.,* are, indeed, unavailable.

Accordingly, for the several reasons set forth above, the Court will deny defendant Mann's motion to dismiss the action for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### CONCLUSION

For the reasons set forth above, the Court hereby DENIES defendant Howard Mann's motion for a change of venue pursuant to 28 U.S.C. § 1404(a) and § 1406(a); DENIES the plaintiffs' motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure; and DENIES defendant Howard Mann's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In order to ensure that the prosecution and defense of this action now proceed apace, the Court will conduct a status conference at *1:30 p.m., on Tuesday, May 28, 1985.* Counsel for all parties should come to that hearing fully prepared to discuss their expectations for the further litigation of this matter.