**James P. WICKSTROM, Donald J. Minniecheske, Plaintiffs,**

v.

**Steven D. EBERT, Wisconsin Assistant Attorney General, et al., Defendants.**

**No. 83–C–2017.**

United States District Court, E.D. Wisconsin.

Feb. 8, 1984.

James P. Wickstrom, Donald J. Minnie-cheske, pro se.

Charles A. Bleck, Asst. Atty. Gen., Madison, Wis., for defendants Harker, Ebert, Fink, Haag, Eberlein, Schmidt, Grover (John Doe # 1) and LaFollette (John Doe # 4).

Stuart B. Eiche, deVries, Vlasak & Schallert, Milwaukee, Wis., for defendants Bruno and Redman.

## DECISION AND ORDER

WARREN, District Judge.

### Background

On December 28, 1983, plaintiffs filed their complaint in this action, seeking monetary damages for alleged deprivations of their constitutional rights in violation of 42 U.S.C. § 1983. Although the thirty-four-page, twenty-seven-count complaint lacks the descriptive clarity and precision typically characteristic of pleadings under the Federal Rules of Civil Procedure, it appears that plaintiffs' principal allegations arise out of the state criminal prosecutions against them for violations of Wis.Stat. § 946.69(1), making it unlawful for one not a public officer or employee to assume to act in an official capacity.

Named as defendants in the present action are Wisconsin Attorneys General Steven D. Ebert, Fred A. Fink, Jr., and J. Douglas Haag; Wendell Harker of the Wisconsin Department of Criminal Investigation; State Circuit Court Judges Michael G. Eberlein and Earl W. Schmidt; Shawano County District Attorney Gary R. Bruno; and Shawano County Register of Deeds Betty Redman. Although not designated by name in the caption of the case, State Circuit Judge Thomas G. Grover is also charged in the complaint with various violations of plaintiffs' constitutional rights in matters relating to the registration of a land title document in Shawano County. Finally, plaintiffs have named as defendants certain "John Does & Jane Roes (No's. 1–50)," described in the fifth paragraph of the complaint as "[a]ll spouses and kin and/or acquaintences [sic] of the [specifically named] Defendant(s)...." Plaintiffs' Complaint at 2 (December 28, 1983).

According to the affidavits of service filed with the Court on January 16, 1984, defendants Schmidt, Bruno, and Redman were each served with the summons and complaint in this case on December 28, 1983, and defendants Ebert, Haag, and Grover were served with process on January 5, 1984. Affidavits of service filed on February 2, 1984, indicate that defendants Fink and Harker were served for the first time on January 26, 1984.

In addition, it appears that Wisconsin Attorney General Bronson LaFollette, although not designated as one of the named defendants in this action, was served with process on January 26, 1984, and that Chief Deputy Clerk of Court for the Eastern District of Wisconsin, Patrick G. DeWane, and a Deputy Clerk of Court, Betty Michaelsen, were both served on January 25, 1984, although neither is named as a party defendant nor charged with any violations of plaintiffs' constitutional rights in the body of the complaint. No affidavit of service on defendant Eberlein has been filed with the Court.

On January 16, 1984, defendants Eberlein, Schmidt, and Grover moved for dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the basis that the action is barred by the doctrine of judicial immunity. One day later, on January 17, 1984, defendants Bruno and Redman filed a motion for a more definite statement of plaintiffs' complaint pursuant to Rule 12(e) of the Federal

Rules of Civil Procedure or, in the alternative, to dismiss the action pursuant to subsections (1), (4), & (6) of Rule 12(b), on the grounds that the Court lacks jurisdiction over the subject matter, that service of process was insufficient, and that the complaint fails to state a claim upon which relief can be granted.

On January 24, 1984, defendants Ebert, Fink, and Haag likewise moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in their case on the basis that the action is barred under the doctrine of prosecutorial immunity. Finally, on February 2, 1984, defendant Harker filed the fourth motion for dismissal in this case, also pursuant to Rule 12(b)(6), on the grounds that the suit is barred by both prosecutorial and witness immunity. To date, plaintiffs have not responded to any of the defendants' motions.

The procedural posture of this case is further complicated by the fact that on December 28, 1983, the date on which this suit was initiated, and again on January 20, 1984, plaintiffs filed numerous writs, notices, affidavits, and motions, all purportedly in support of their present action. Specifically, on December 28, 1983, the plaintiffs filed two documents directed to the Shawano County Circuit Court, both entitled "Arrest of Judgment—Stay of Execution Order." The first, signed by plaintiff Donald J. Minniecheske, purports to be an order of the United States District Court for the Eastern District of Wisconsin, staying the state court's judgment in Case No. 82–CR–638; the second, of similarly misleading origin, is intended to prevent the execution of judgment in Case No. 82–CR–639. It is signed by plaintiff James P. Wickstrom.

The third supplemental document filed with the complaint in this case is captioned, "Writ of Error Coram Vobis, Order To Show Cause And Premptory [sic] Mandamus (In Review)." The writ differs from the underlying complaint only with respect to the last four pages, in which the several errors allegedly made by the defendants during plaintiffs' criminal prosecutions are described. The remedies sought by the writ are an order to show cause why plaintiff Donald J. Minniecheske should not be released within ten days of a judgment in his favor and a second order to show cause why a "Premptory [sic] Mandamus (In Review)" should not issue to the Shawano County Circuit Court to expedite the release of this plaintiff.

Approximately three weeks after these materials were docketed, the plaintiffs, on January 20, 1984, filed a "Notice of Common Law Lien, Demand and Caveat With Memorandum of Law." The apparent purpose of the document, also purporting to be an order of this or some other lawfully established Court, is to attach the assets of defendant Schmidt, pending satisfaction of any judgment entered against him. The plaintiffs also filed on January 20, 1984, a "Writ of Instanter With Notice To Replace 'Land Title Document,'" apparently seeking to have replaced in the official Register of Deeds for Shawano County the land title document that forms the basis of some elements of their complaint.

Accompanying these papers is one entitled, "Writ of Prohibition and Caveat & Nunc Pro Tunc." The stated purpose of this writ is to prevent an unlawful assumption of equity jurisdiction by any individuals with titles of nobility. Its declarative tone is shared by yet another document captioned, "Writ of Utrubi for Realease [sic] Nunc Pro Tunc." Signed by both plaintiffs as an order of the Court, the writ purports to lift all restraints and restrictions imposed upon them by the State of Wisconsin.

The final set of papers filed on January 20, 1984, of which the writ of utrubi is apparently a part, is premised on plaintiffs' claim that defendants Schmidt, Bruno, and Redman have failed to plead to or otherwise defend against the allegations in the complaint. First among these is plaintiffs' joint motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure and for summary judgment pursuant to Rule 56. In support of this motion, plaintiffs have filed affidavits which

purport to establish that both default and summary judgment against the named defendants is now appropriate since their motions to dismiss, filed on January 17, 1984, do not constitute answers or defenses to the complaint. *See* "Affidavit of Failure to Plead or Otherwise Defend" at 2 (January 20, 1984); "Affidavit in Support of Motion At-Law for Summary Judgement and Default Judgement" at 2–3 (January 20, 1984).

In addition, the plaintiffs have submitted two additional documents captioned, "Summary Judgement in Support of Writ of Error Coram Vobis, Order to Show Cause and Premptory [sic] Mandamus (In Review)," and "Entry of Default Judgment." Perhaps anticipating that the Clerk of Court would decline to enter default or summary judgment pursuant to either of the latter two orders, plaintiffs also submitted on January 20, 1984, a "Certification By Affidavit, Nunc Pro Tunc, Process, Service, and Filing of Pleadings and Other Papers"—yet another document purporting to be an order of the Court, this one admonishing all individuals not to interfere with or in any manner restrict plaintiffs' efforts to prosecute their action.

Since January 20, 1984, the plaintiffs have filed, in addition to the affidavits of service previously noted, a "Writ of Release for Bail of Plaintiff(s)," purporting to order the Shawano County Clerk of Court to return all bail monies held in connection with the plaintiffs' criminal prosecutions. In addition, on February 2, 1984, plaintiffs filed a second "Certification By Affidavit, Nunc Pro Tunc," again warning against any obstruction of their efforts to file and serve papers in this case, and two affidavits of their process servers, recounting the events of January 20, 1984, when the Clerk of Court declined to enter default or summary judgment in plaintiffs' favor, and the events of January 25, 1984, when the Chief Deputy and a Deputy Clerk of Court were each served with the summons and complaint in this action.

Finally, just two days ago, on February 6, 1984, counsel for defendants Ebert, Fink,

Haag, Harker, Eberlein, Schmidt, and Grover filed a motion pursuant to Rules 7 and 65 of the Federal Rules of Civil Procedure to enjoin plaintiffs "from procuring the service of summons on any further defendants ... and ... from any action of whatever kind in furtherance of this action except to the extent deemed necessary by the court for the plaintiffs to respond to the motions of dismissal previously filed in this action." Defendants' Motion for Preliminary Injunction at 2 (February 6, 1984).

Having carefully considered the numerous motion papers and miscellaneous documents filed by the parties and having reviewed at length the tumultuous procedural history of this case to date, the Court is now prepared to issue orders with respect to: 1) the service of process on the Chief Deputy and a Deputy Clerk of Court for the Eastern District of Wisconsin; 2) the defendants' pending motions to dismiss; 3) the plaintiffs' various writs, notices, affidavits, and other miscellaneous documents; 4) the plaintiffs' motions for default and summary judgment; and 5) the defendants' motion for a preliminary injunction.

### Service Of Process On The Deputy Clerks of Court

It appears from the February 2, 1984, affidavits of plaintiffs' process servers that both Chief Deputy Clerk Patrick G. DeWane and Deputy Clerk Betty Michaelsen were served on January 25, 1984, with the summons and complaint in this case as a result of their refusal to enter default and summary judgment in plaintiffs' favor five days earlier.

■ As a preliminary matter, there is no dispute that Mr. DeWane and Ms. Michaelsen expressly declined to enter judgment pursuant to either of plaintiffs' purported orders, the first captioned, "Summary Judgement in Support of Writ of Error Coram Vobis, Order to Show Cause and Premptory [sic] Mandamus (In Review)," and the second entitled, "Entry of Default Judgment." Their failure to do so, however, cannot be the basis for joining them as party defendants in this action, since

neither is alleged to have violated any of plaintiffs' constitutional rights in those matters upon which the complaint is premised. In this regard, it is a fundamental tenet of pleading practice under the Federal Rules of Civil Procedure that a party cannot expect to maintain an action against another simply by serving him or her with a summons and complaint, when that complaint includes no allegations against and incorporates no request for relief from the individual being served.[1]

To be sure, plaintiffs in the present case have included among the defendants certain "John Does & Jane Roes (No's. 1–50)," and have even designated Mr. DeWane as John Doe # 3 and Ms. Michaelsen as Jane Roe # 1. Yet plaintiffs' own description of these unnamed defendants—namely, as "spouses and kin and/or acquaintences [sic] of the [specifically named] Defendant(s)"—precludes designation of Mr. DeWane as a John Doe and of Ms. Michaelsen as a Jane Roe. See Plaintiffs' Complaint at 2 (December 28, 1983). In this context, it surely is not the case that these deputy clerks must be joined "as a protection to Plaintiffs against any unlawful dissipation of assets and/or attempted conveyance of property attempting to defraud legitimate claims and credits." Plaintiffs' Complaint at 3 (December 28, 1983) (describing the status and role of those defendants designated as John Does and Jane Roes).

Viewed more broadly, plaintiffs would be hard-pressed to argue that Mr. DeWane and Ms. Michaelsen played some role in the deprivation of constitutional rights that allegedly occurred during the course of plaintiffs' prosecution on criminal charges. Absent such an allegation in the complaint itself, service on these individuals was improper under Rule 4 of the Federal Rules of Civil Procedure. Accordingly, the Court will dismiss as party defendants in this case Chief Deputy Clerk Patrick G. DeWane and Deputy Clerk Betty Michaelsen and declare as a nullity the summons and complaint served upon them.

### The Defendants' Motions to Dismiss

As previously noted, the defendants' four discrete motions to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure are now pending before the Court. Although the fourteen day period in which to respond to the first three motions has now expired, the Court, in the interest of promoting a full and fair exposition of the issues raised in defendants' briefs, hereby grants the plaintiffs an enlargement of time up to and including February 24, 1984, in which to file and serve a response. See Local Rule 6.01. The defendants are ordered to file their reply briefs, if necessary, no later than March 2, 1984.

The Court anticipates issuing an order resolving defendants' companion motions shortly after they are fully briefed.

### The Plaintiffs' Miscellaneous Documents

■ The most disturbing aspect of this case to date has been the plaintiffs' production and filing of those numerous miscellaneous documents previously described. See supra at 29–30. While every litigant properly prosecuting or defending an action in federal court is afforded the right under the Federal Rules of Civil Procedure to file and serve those motions and supporting documents he or she feels are necessary to a full and fair presentation of the issues, no party is justified in drafting documents that purport to be official Court orders but that are, in fact, nothing more than ex parte directives and statements of intention, wholly lacking any judicial imprimatur.

In the present case, plaintiffs have filed no fewer than eight such documents, each purporting in some respect to represent an official order of the District Court for the

---

1. Moreover, even if the complaint were amended to incorporate a claim against Mr. DeWane and Ms. Michaelsen, it would not survive a motion to dismiss, since the deputy clerks' refusal to enter both summary and default judgment in plaintiffs' favor was wholly justified on a legal basis by the Federal and local rules prescribing the means by which parties may seek these forms of relief. See Fed.R.Civ.P. 55 & 56; Local Rules 5 & 6; see also infra at 12–15.

Eastern District of Wisconsin. Just as disturbing as the usurpation of the Court's power and responsibility implicit in these documents is the fact that they purport to order others—both within and without the state and federal branches of government—to take some action in connection with this pending litigation. Among other things, the plaintiffs have "ordered": 1) the Shawano County Circuit Court to stay execution of judgment in the two recent criminal cases in which plaintiffs were defendants; 2) all banks, credit unions, and savings and loan institutions to attach the assets of defendant Schmidt to guarantee satisfaction of any judgment in plaintiffs' favor; 3) the Shawano County Register of Deeds to register the land title document upon which this action is, in part, based; and 4) the Shawano County Clerk of Court to release certain monies paid as bail in the plaintiffs' criminal prosecutions.

■ Although none of these spurious documents was apparently filed to elicit any response from this tribunal, the Court declines to take any action on them for the broader reason that they represent a clear abuse of the discretion afforded parties in prosecuting their claims under the Federal Rules of Civil Procedure. In the end, these various writs and notices only serve to disrupt the orderly progress of litigation in a case such as this and promote no legitimate interest in resolving the various claims of the parties fairly and expeditiously.

Accordingly, the Court hereby admonishes the plaintiffs not to file or serve any additional documents of this sort and directs them instead to the Federal Rules of Civil Procedure and the Appendix of Forms for guidance in preparing all further materials for filing with the Court and service on opposing counsel.

2. Along with an "Affidavit of Failure to Plead or Otherwise Defend," a "Notice of Motion for Summary Judgement and Default Judgement," and an "Affidavit In Support Of Motion At-Law For Summary Judgement," all of which were duly filed and docketed by the Clerk of Court, the plaintiffs also submitted two documents captioned, "Summary Judgement in Support of

### The Plaintiffs' Motions For Default And Summary Judgment

The other major set of documents the plaintiffs have filed in this case—these in substantial conformity with the Federal Rules of Civil Procedure—embodies their request that both default and summary judgment be entered against three of the named defendants, pursuant to Rules 55 and 56 of the Federal Rules of Civil Procedure.[2] The plaintiffs' principal argument in support of their companion motions is that defendants Schmidt, Bruno, and Redman have "failed to plead or otherwise defend the allegations in Plaintiff(s) [sic] Civil complaint," that their motions to dismiss are neither pleadings nor answers under Rule 7(a) & (b) of the Federal Rules of Civil Procedure, and that these defendants are thus "subject to Default Judgement 'At-Law,' under F.R.C.P. 55(a) and Summary Judgment under F.R.C.P. 56(a) for failure to enter suit ... and raising legal, triable, material issues of fact and law...." Plaintiffs' Notice of Motion for Summary Judgement and Default Judgement at 1–3 (January 20, 1984).

■ Pursuant to Rule 55 of the Federal Rules of Civil Procedure, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend* as provided by these rules...." Fed.R.Civ.P. 55(a) (emphasis supplied). The words "otherwise defend" presume the absence of some affirmative action on the part of a defendant which would operate as a bar to the satisfaction of the moving party's claim. *George & Anna Portes Cancer Prevention Center, Inc. v. Inexco Oil Company*, 76 F.R.D. 216, 217 (W.D.La. 1977); *see also, Bryant v. City of Marianna*, 532 F.Supp. 133, 137 (N.D.Fla.1982)

Writ of Error Corem Vobis, Order to Show Cause and Premptory [sic] Mandamus (In Review)," and "Entry of Default Judgement." As noted previously, it was the justified refusal of the Deputy Clerks of Court to file and sign these latter two documents that apparently prompted the plaintiffs to serve them with the summons and complaint in this case.

(default is appropriate where defendants have not taken a single action in lawsuit).

■ In this context, it is generally held that the interposition of various challenges to matters such as service, venue, and the sufficiency of the complaint preclude a default even if pursued in the absence of a responsive pleading. 10 Wright & Miller, *Federal Practice and Procedure* § 2682 at 409–410 (2d ed. 1983); *see also Olsen v. International Supply Company*, 22 F.R.D. 221, 223, 17 Alaska 643 (D.Alaska 1958) (words "otherwise defend" refer, among other things, to attacks on service or motions to dismiss or for particulars, which serve to prevent default without presently pleading to the merits). It is undisputed that motions challenging a complaint for failure to state a claim upon which relief can be granted, fall squarely within the ambit of the phrase "otherwise defend." *Rudnicki v. Sullivan*, 189 F.Supp. 714, 715 (D.Mass.1960); *Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir.), *cert. denied*, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949).

■ Although defendants Schmidt, Bruno, and Redman have not filed answers to the complaint in this case, they have clearly "defended," as that term is used in Rule 55, by filing their motions to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Accordingly, the plaintiffs' motion for default judgment against these named defendants must be denied.

■ Likewise, the plaintiffs have not established that they are entitled to summary judgment at this stage in the proceedings. The function of a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is to permit the trier of fact to pierce the formal allegations in the pleadings and grant relief when it appears from uncontroverted facts set forth in affidavits, depositions, or admissions on file that there are as a matter of fact no genuine issues for trial. *Smith v. Gross*, 604 F.2d 639, 641 (9th Cir.1979); *Mintz v. Mathers Fund, Inc.*, 463 F.2d 495, 498 (7th Cir.1972). In effect, summary judgment is a method of testing in advance of trial, not just bare contentions found in the legal verbiage of the pleadings, but whether there is in actuality any real basis for relief or defense. *Henderson v. Counts*, 544 F.Supp. 149, 153 (E.D.Va. 1982); *Swettlen v. Wagoner Gas & Oil, Inc.*, 369 F.Supp. 893, 894 (E.D.Pa.1974).

■ Applying these standards to the present case, it is clear that plaintiffs are not entitled to summary judgment simply because the defendants have chosen to respond initially in the form of motions to dismiss, rather than answers to the substantive allegations made in the complaint. In this regard, the bald assertion that defendants' failure to answer constitutes "an admission that allegations [in the complaint] are true," Plaintiffs' "Notice of Motion for Summary Judgement and Default Judgement" at 3 (January 20, 1984), simply misconstrues the purpose of Rule 56 motions and reveals a fundamental misunderstanding of their intended application.

The parties to this lawsuit have yet to file any affidavits, depositions, answers, or admissions, demonstrating the absence of all genuine issues of material fact. Accordingly, the plaintiffs' motion for summary judgment against defendants Schmidt, Bruno, and Redman must be denied.

### *The Defendants' Motion For A Preliminary Injunction*

The Court has already noted its concern regarding the tumultuous procedural history of this case and is troubled by its growing sense that this litigation is being pursued in a manner not envisioned by the architects of modern federal practice. In the interest of resolving the defendants' motion for a preliminary injunction expeditiously, the Court has scheduled a one-hour hearing on this matter for *11:00 A.M., on Tuesday, February 21, 1984*. Counsel for defendants has already filed a brief in support of his clients' motion, and plaintiffs are ordered to file and serve a responsive brief no later than February 15, 1984. Defendants shall file their reply, if necessary, no later than the morning of the hearing.

Because of the limited nature of defendants' request for preliminary relief and for the additional reason that the Court is well acquainted with the procedural status of this action, the parties need not file any statement of uncontested facts. In addition, the Court does not contemplate the taking of any live testimony at the hearing but expects instead that any testimony will be submitted by way of affidavit no later than Friday, February 17, 1984.

Finally, the Court hereby notifies counsel for the moving defendants that he shall be afforded twenty-five (25) minutes, including rebuttal, in which to argue his motion, and the plaintiffs will be granted a like period of time in which to state their position. The Court anticipates ruling on the request for injunctive relief at the close of the February 21, 1984, hearing.

### CONCLUSION

For the reasons stated herein, the Court hereby:

1. Dismisses as party defendants in this case Chief Deputy Clerk Patrick G. DeWane and Deputy Clerk Betty Michaelsen of the Office of the United States Clerk of Court for the Eastern District of Wisconsin, and declares as a nullity the summons and complaint served upon each of them by the plaintiffs;

2. Grants plaintiffs an enlargement of time up to and including February 24, 1984, in which to respond to the defendants' motions to dismiss, and orders the defendants to file their reply briefs, if necessary, no later than March 2, 1984;

3. Declines to take any action on plaintiffs' several, miscellaneous documents purporting to be orders of the Court, admonishes the plaintiffs not to file and serve any additional materials of this sort, and directs them to the Federal Rules of Civil Procedure and the Appendix of Forms for guidance in preparing all further materials for the Court and opposing counsel;

4. Denies plaintiffs' motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure, and denies plaintiffs' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure; and

5. Schedules a hearing on defendants' motion for a preliminary injunction for *11:00 A.M., on Tuesday, February 21, 1984,* pursuant to the terms and conditions set forth herein.