947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel SONG, Plaintiff-Appellant,
v.
George DEEDS, Leon Smith, Gary True Phil Smith, Martha
Hailey, James Patterson, Julie Madlock, H. Davis
Eric Bascomb, Defendants-Appellees.
 No. 90-16302.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1991.
Decided Oct. 31, 1991.
 
 1
 Before CHOY and SNEED, Circuit Judges, and KELLEHER*, District Judge.
 
 
 2
 MEMORANDUM**
 
 I. Factual and Procedural Background
 
 3
 The appellant is a prisoner in the Nevada State Prison. On June 15, 1989, he was asked to submit to a random urinalysis test. The test, administered by Eric Bascomb, a certified experienced analyst and a defendant in the district court case, came up positive. The appellant was immediately removed from his cell, placed in administrative segregation, and served with a notice of classification hearing.
 
 
 4
 The appellant had been working as a porter in his unit, but placement in administrative segregation made it impossible for him to keep his job.
 
 
 5
 On June 23, 1989, after the investigation was completed, the appellant was served with a Notice of Charges. The disciplinary hearing began on July 6, 1989, was continued, and then completed on July 13, 1989. The appellant was found guilty of violating a state law and was given sixty days in disciplinary detention. When he had served his sixty day sentence, he was transferred to Nevada State Prison.
 
 
 6
 The appellant brought an action in the district court alleging violation of his civil rights pursuant to 42 U.S.C. § 1983. The appellant claimed that he was released from his prison work assignment for racially motivated reasons, that the urinalysis test which showed that he had tested positive for cocaine was insufficient to discipline him, that his disciplinary hearing was improper, and that he was wrongfully transferred to another institution in Nevada. The appellees filed a motion to dismiss which the district court treated as a motion for summary judgment. The district court granted the appellees' motion.
 
 II. Discussion
 
 7
 1. Did the District Court Properly Deny the Appellant's Request for Entry of Default Judgment?
 
 
 8
 Rule 55(a) of the Federal Rules of Civil Procedure provides:
 
 
 9
 When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.
 
 
 10
 Fed.R.Civ.P. 55(a). A motion to dismiss constitutes defending an action within the meaning of this rule even if the defendants have not filed answers to the complaint. Wickstrom v. Ebert, 101 F.R.D. 26, 33 (E.D.Wis.1984). Thus, a court may not properly enter default against such defendants. Id. See also, 6 Moore's Federal Practice, § 55.02(3).
 
 
 11
 In this case, the appellees filed a motion to dismiss in response to the appellant's complaint. The appellant failed to timely respond to the appellees' motion, and the district court entered default against the appellant. The appellant then moved to set aside the default and enter default against the defendants Howard Davis and Eric Bascomb. The defendants filed a written opposition based on the theory that a motion to dismiss constitutes an effort to "otherwise defend" under Rule 55(a). The court did not enter default judgment and accepted appellant's late response to the motion to dismiss.
 
 
 12
 The appellant claims that the district court should have entered default against Davis and Bascomb because they did not file answers to his complaint. However, the district court was correct in stating that the motion to dismiss constituted an effort to "otherwise defend" the suit and that default should not have been entered against the defendants.
 
 
 13
 Thus, we affirm the district court's holding.
 
 
 14
 2. Did the District Court Properly Find that the Appellant was not Entitled to a Hearing Prior to Being Placed in Administrative Segregation?
 
 
 15
 Prison officials have broad administrative and discretionary authority over the institutions they manage. Hewitt v. Helms, 459 U.S. 460, 467 (1983). Lawfully incarcerated persons retain only a narrow range of protected liberty interests. Id. To hold "that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that have traditionally been the business of prison administrators rather than that of the federal courts." Id.
 
 
 16
 Furthermore, as long as the "conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Id. at 468. The transfer of an inmate to administrative segregation is well within the terms of confinement ordinarily contemplated by a prison sentence; in fact, all inmates should reasonably anticipate receiving administrative segregation at some point during their confinement. Id.
 
 
 17
 However, the appellant argues that the Due Process Clause gave him the right to have a hearing before he was transferred to administrative segregation. He cites Hughes v. Rowe, 449 U.S. 13 (1980), as support for his argument. In that case, a prisoner was charged with violations of prison regulations and placed in administrative segregation. He claimed that his Due Process rights were violated because he was not given a hearing prior to being placed in administrative segregation. The respondents moved to dismiss the complaint but filed no affidavits denying or explaining the facts alleged by the petitioner. The district court dismissed the complaint without taking any evidence. The court reversed, stating that the district court erred by dismissing the Due Process claim without receiving any affidavits from the respondent and by merely concluding that the temporary investigation was not actionable. Id. at 11-12.
 
 
 18
 The appellant's argument has no merit. First, the Hughes case can be distinguished. Hughes is essentially a pleadings case. Hewitt is controlling here. The court, in Hewitt, held that the appellant had no Due Process right to a hearing before being placed in administrative segregation.
 
 
 19
 Thus, we affirm the district court's ruling.
 
 
 20
 3. Did the District Court Properly Find that the Appellant Failed to Support His Claim that His Release from Prison was Racially Motivated?
 
 
 21
 The appellant claims that he lost his job because he was being discriminated against for being Asian.
 
 
 22
 To sufficiently state a cause of action, the appellant must allege some facts which demonstrate that he was fired for racial reasons. See Jafree v. Barber, 689 F.2d 640, 643 (7th Cir.1982). Conclusory allegations are insufficient to support a civil rights action. Id. The facts clearly show that the appellant lost his job because he was to be transferred to administrative segregation. Moreover, the appellant supplied no facts to show that he was fired due to racial discrimination. The appellant merely alleged that he was fired because he was Asian and the other porters working in his unit were black.
 
 
 23
 We therefore affirm the district court's holding.
 
 
 24
 4. Was the Appellant's Hearing Conducted Properly?
 
 
 25
 The Constitution requires that prison officials give an inmate at least twenty-four hours notice in advance of appearance to prepare a written statement of fact finding as to the evidence relied upon and the reason for taking the disciplinary action, and the opportunity to call witnesses and present documentary evidence when permitting an inmate to do so would not be unduly hazardous to institutional safety or correctional goals. Wolff v. McDonnell, 418 U.S. 539, 563-568 (1974). Furthermore, the Constitution does not impose a requirement of confrontation and cross-examination in prison disciplinary hearings. Id. at 567-568.
 
 
 26
 Also, the requirements of due process are satisfied if some evidence supports a decision by a prison disciplinary board. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). The standard is met if there is "some evidence from which the conclusion of the administrative tribunal could be deduced." Id. The relevant question is whether there has been any evidence in the record which could support the conclusion reached by the disciplinary board. Id. Moreover, the reliability of the EMIT test has been held to meet the due process standards and constitutes "some evidence." Higgs v. Bland, 888 F.2d 443, 449 (6th Cir.1989).
 
 
 27
 Furthermore, a prisoner's due process rights are not violated when he is convicted of misconduct based upon failing a drug test, even if the prison did not establish a complete chain of custody of his urine sample. Thompson v. Owens, 889 F.2d 500, 501 (3rd Cir.1989). Results of a urine sample constitute "some evidence" of a prisoner's misconduct despite a lack of a chain of custody, and no higher standard of proof is required for constitutional purposes. Id.
 
 
 28
 The appellant's due process rights were not violated. He was given notice of the charges against him in advance of the hearing, a written statement of the fact findings, and a chance to call witnesses. Moreover, the EMIT test constituted "some evidence" to support the prison board's finding. The appellant has no right to cross-examine the prison's witnesses, and the lack of chain of custody did not constitute a due process violation.
 
 
 29
 Thus, we affirm the holding of the district court.
 
 
 30
 5. Did the District Court Find that the Appellant had No Constitutional Interest in Remaining at a Particular Institution?
 
 
 31
 The Due Process Clause does not protect a convicted prisoner against transfer from one institution to another within the state system. Meachum v. Fano, 427 U.S. 215, 225 (1976). "Confinement in any of the state's institutions is within the normal limits or range of custody which the conviction has authorized the state to impose." Id.
 
 
 32
 In this case, the appellant was transferred after his hearing from the Southern Desert Correctional center to Nevada State Prison. Since the Due Process Clause does not protect him from such a transfer, the district court was correct in its ruling.
 
 III. Conclusion
 
 33
 We find that the district court properly granted the motion to dismiss and therefore AFFIRM.
 
 SNEED, Circuit Judge, concurring:
 
 34
 The court's disposition of this case is correct. I write only to point out that prison regulations can create a procedural due process right to compliance with certain procedures or conditions prior to deprivation of a liberty or property interest. See Hewitt v. Helms, 459 U.S. 460, 470-71 (1983); Bauman v. Arizona Dept. of Corrections (9th Cir.1985). No such procedures or conditions exist in this case. For that reason the unqualified language appearing in this case is proper.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the Ninth Circuit R. 21