39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manouchehr RASHIDI, Plaintiff-Appellant,
v.
Harold G. ALBRIGHT, D. Roe and C. Roe, Natural Parents of
Tim Roe, a minor child, and Nancy L. Parent, as
Guardian Ad Litem for Tim Roe, Defendants.
 No. 93-15623.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1994.*
Decided Oct. 31, 1994.
 
 1
 Before: PREGERSON, WIGGINS, Circuit Judges, and FONG,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Manouchehr Rashidi, a former Montessori school employee, appeals the district court's grant of summary judgment for Defendants, Tim Roe, a former student at the school, his parents D. and C. Roe, Harold Albright, Tim Roe's attorney, and Nancy Parent, Tim Roe's guardian ad litem, in Rashidi's diversity action. In that action, Rashidi alleged that two suits Defendants previously filed against him for willful misconduct and negligent supervision constituted malicious prosecution and abuse of process. The district court granted the motion for summary judgment under Fed.R.Civ.P. 56 because it found that Rashidi failed to refute Defendants' evidence that they had probable cause to sue him. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 4
 This case arises from the filing of two civil suits in state court against Manouchehr Rashidi for negligent supervision and willful misconduct. The suits, one filed by Nancy Parent as guardian ad litem for Tim Roe on July 24, 1984, and the other by D. and C. Roe, parents of Tim Roe on April 28, 1986, alleged that Rashidi failed to protect Tim Roe from sexual abuse by the Montessori school employees. Specifically, Rashidi was accused of "willfully permitt[ing] [Tim Roe] ... through acts of omission or commission ... to be physically, mentally, sexually, and verbally abused." C.R. 15, Ex. 12 at 5. Rashidi moved for summary judgment and the plaintiffs (defendants herein) moved for voluntary dismissal without prejudice. The Nevada District Court dismissed both actions with prejudice on September 21, 1990, reasoning that the plaintiffs were "unable to cite any evidence or identify any expert or lay witnesses suggesting, even by rumor, any legal claim against [Rashidi]." C.R. 18, Ex. 12 at 2.
 
 
 5
 Prior to the Roe civil actions, on May 9, 1984, the Washoe County Grand Jury returned an indictment against Rashidi for child abuse and sexual assault he inflicted upon six other minor children. The Grand Jury also indicted two other Montessori employees for sexual abuse perpetrated against Tim Roe. The District Attorney dismissed all criminal charges against Rashidi on July 29, 1987, and ordered his criminal record to be sealed. However, in the intervening time, Rashidi was named as a defendant in a total of forty-three civil cases filed against the Montessori school and its employees.
 
 
 6
 Rashidi commenced the instant action on May 21, 1992 in the United States District Court for the District of Nevada, claiming that the two suits filed by Albright and his clients were filed maliciously and without probable cause. Additionally, he claimed that Defendants unnecessarily maintained the two suits to obtain personal releases of liability, thereby abusing the process of litigation. Albright did not answer Rashidi's complaint, and instead moved for summary judgment under Fed.R.Civ.P. 56. In response, Rashidi requested a default judgment. The district court refused to enter a default judgment against Defendants, and granted their motion for summary judgment. Rashidi now appeals.
 
 ANALYSIS
 1. Summary Judgment
 
 7
 We review de novo the district court's grant of summary judgment. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 8
 In a motion for summary judgment, the moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Celotex, 477 U.S. at 323.
 
 
 9
 a. malicious prosecution
 
 
 10
 The district court properly granted the motion for summary judgment because Rashidi has not proffered sufficient evidence to establish that Albright and his clients lacked probable cause, an element essential to the tort of malicious prosecution. Catrone v. 105 Casino Corporation, 414 P.2d 106, 107-08 (Nev.1966) set forth the requisite elements for a claim of malicious prosecution: 1) termination of the underlying action; 2) absence of probable cause; 3) malice; and 4) damages.
 
 
 11
 The Nevada Supreme Court has not addressed the issue of what constitutes probable cause in an action for malicious prosecution.[1] In other jurisdictions, there is a split of authority on the use of a solely objective test in finding probable cause. In Sheldon Appel Co. v. Albert & Oliker, 765 P.2d 498, 506 (Cal.1989), the court stated that "because the malicious prosecution tort is intended to protect an individual's interest 'in freedom from unjustifiable and unreasonable litigation,' if the trial court determines that the prior action was objectively reasonable, the plaintiff has failed to meet the threshold requirement of demonstrating an absence of probable cause." (citations omitted). In contrast, in Bradshaw v. State Farm Mutual Auto Ins., 758 P.2d 1313, 1319 (Ariz.1988), the court held that the test for probable cause is subjective and objective. Importantly, the court noted that the subjective test is less stringent for the initiation of civil actions: "[I]t is enough if [the] existence of [facts on which the proceedings are based] is not certain but [the plaintiff] believes that he can establish their existence to the satisfaction of court and jury." (citing Restatement (Second) of Torts Sec. 675 comment d (1977)).
 
 
 12
 Regardless of which test the Nevada courts would adopt, Albright and his clients would pass both. First, as the district court correctly pointed out, the complaints filed did not allege that Rashidi actually abused Tim Roe, but rather that he was negligent in supervising him. A psychologist had found evidence of abuse, and it is undisputed that Rashidi was in contact with and supervising Tim Roe. Second, these actions were filed after Rashidi was criminally indicted for the abuse of other children and before those indictments were later dismissed. Finally, the fact that forty-one[2] other similar cases were filed naming Rashidi as a defendant is evidence of the reasonableness of the suits filed by Albright and his clients.
 
 
 13
 With respect to a subjective test, whether a case is filed with probable cause is determined at the time the underlying action is filed. Bradshaw, 758 P.2d at 1320. Rashidi has not produced any evidence suggesting that the Roes knew, at the time they filed their actions, that Rashidi was innocent. Indeed, the information that was available to them suggested exactly the opposite. Their offers of settlement in exchange for personal releases occurred after the complaints were filed. Based on the correspondence with Dan Nomura, his attorney, Rashidi contends that Albright and his clients were concerned about a malicious prosecution suit. Brief of Appellant at 15-16. However, whatever opinions Dan Nomura formed are just that, opinions of Rashidi's counsel, and without question inapposite in resolving the question of what the defendants believed at the time they filed the actions. In sum, because Rashidi failed to offer convincing evidence that Albright and his clients lacked probable cause to sue him, the district court properly granted the defendants' motion for summary judgment.
 
 
 14
 We do not reach the issue whether Rashidi satisfied any of the other elements of the tort of malicious prosecution since he has failed to establish the necessary element of probable cause.
 
 
 15
 b. abuse of process
 
 
 16
 We also agree with the district court that Rashidi failed to establish the requisite elements for abuse of process. Rashidi must produce evidence that supports: (1) an ulterior purpose behind the issuance of process; and (2) a willful act in the use of process not proper in the regular conduct of the proceeding. Bull v. McCuskey, 615 P.2d 957, 960 (Nev.1980). In Bull, the attorney filed a malpractice suit against a doctor in order to coerce a nuisance settlement. Id. at 959. He knew there was no basis for filing the malpractice suit--he did not obtain nor examine the medical records of the patient, nor did he confer with a doctor, nor did he depose the doctor he sued, and he ultimately settled for a nominal amount. Id. In contrast, here, as the district court explained, if the ulterior purpose was settlement, then it would be an acceptable use of process. Furthermore, if the ulterior purpose is release from personal liability for malicious prosecution, then the defendants would not have filed the suits in the first place. Additionally, the district court correctly pointed out that Defendants have not employed any abusive measures such as minimal settlement offers or huge batteries of motions, see Laxalt v. McClatchy, 622 F.Supp. 737, 752 (D.Nev.1985), as there was virtually no activity between the filing of the complaints and the dismissal of the underlying actions.[3]
 
 2. Res Judicata and Collateral Estoppel
 
 17
 We review de novo the district court's ruling on the availability of res judicata both as to claim preclusion and issue preclusion. Guild Wineries and Distilleries v. Whitehall Co., 853 F.2d 755, 758 (9th Cir.1988). If available, we review the district court's application of the doctrine for abuse of discretion. Eilrich v. Remas, 839 F.2d 630, 632 (9th Cir.1988), cert. denied, 488 U.S. 819 (1988). Rashidi argues that the district court's ruling on the issue of probable cause violated the principles of res judicata and collateral estoppel because the court should have accepted the state court's dismissal of the defendants' action as conclusive proof that they lacked probable cause. We disagree. In Paradise Palms v. Paradise Homes, 505 P.2d 596, 599 (Nev.1973), the court held that the doctrines of both res judicata and collateral estoppel require the issue decided in the prior adjudication to be identical with the one presented in the action in question. We agree with the district court that the order of dismissal contained no findings on the issue of probable cause. The state court simply concluded that "Mrs. M." (Tim Roe's mother) was unable to provide any evidence implicating Rashidi. The question of whether an action should proceed to trial is not the same as whether probable cause existed to initially file the action.
 
 3. Default Judgment
 
 18
 We review the District Court's denial of Rashidi's request for a default judgment under Fed.R.Civ.P. 55(b) for abuse of discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092-93 (9th Cir.1980). Rule 55 states that if a party has failed to plead or otherwise defend, judgment by default may be entered. We affirm the district court's ruling that a Rule 56 motion falls within the meaning of "otherwise defend." We agree with its reasoning that if responses that do not even go to the merits of the case can prevent the entry of default, then surely a summary judgment motion, which seeks to dispose of all of the issues of the case should suffice to prevent a default judgment. See de Antonio v. Solomon, 42 F.R.D. 320, 322 (D.Mass.1967) (entry of default denied because litigant satisfied obligation to plead or otherwise defend by asserting privilege against self incrimination); Wickstrom v. Ebert, 101 F.R.D. 26, 33 (D.Wisc.1984) (challenges to matters such as service, venue, and the sufficiency of the complaint preclude a default even if pursued in the absence of a responsive pleading); 10 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 2682 (2d ed. 1983).
 
 
 19
 A judge is required to exercise "sound judicial discretion" in determining whether a default judgment should be entered. Id. at Sec. 2685. We cannot say that the district court did not exercise sound judicial discretion since there is no showing of bad faith, the plaintiff was not prejudiced, and the default, if any would be merely technical. Id.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Harold M. Fong, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dutt v. Kremp, 844 P.2d 786 (Nev.1992) held that the court must determine whether the prior action was objectively reasonable. However, the opinion was later vacated. 848 P.2d 1073 (Nev.1993)
 
 
 [2]
 Twenty-one of those suits were filed before the Tim Roe actions. Brief of Appellees at 4
 
 
 [3]
 The Nevada District Court issued a stay of all discovery in the civil actions until the criminal actions were resolved