# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50384
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2017

Lyle W. Cayce
Clerk

MARIA SALDANA-FOUNTAIN,

      Plaintiff - Appellant

v.

UNITED STATES OF AMERICA; WILLIAM BEAUMONT ARMY MEDICAL
CENTER; DEPARTMENT OF THE ARMY; ENRIQUE CHAVEZ, JR.,
Chavez Law Firm, Chavez Law, P.C.,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CV-39

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Appellant Maria Saldana-Fountain was hired by the William Beaumont
Army Medical Center ("WBAMC") as a medical technician in January 2007. In
October 2007, she filed an Equal Employment Opportunity Commission
("EEOC") complaint alleging Title VII and Rehabilitation Act violations on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

part of WBAMC. In particular, she alleged that WBAMC terminated her for having previously complained to the EEOC about a co-worker's discriminatory remarks. After an EEOC hearing, an administrative judge issued an order finding no actionable discrimination regarding her termination. On October 5, 2010, the EEOC affirmed the judgment and informed Saldana-Fountain that she had a right to contest the affirmance "in an appropriate United States District Court within ninety (90) calendar days from the date that [she] receive[d] this decision." However, she waited until February 2015 to file the instant action in district court— nearly four and a half years later.

Saldana-Fountain, who proceeds pro se, appeals the district court's refusal to enter default judgments against the United States, WBAMC, the Department of the Army (collectively "United States"), and Enrique Chavez, Jr., and the Chavez Law Firm (collectively "Chavez Defendants"). She also contests the district court's determination that: (a) her Title VII and Rehabilitation Act claims were untimely because she waited almost four and a half years to file them; and (b) supplemental jurisdiction over her myriad state law claims was unwarranted. Finally, Saldana-Fountain contends that the district court obstructed justice by inappropriately changing the filing date of her complaint, engaging in ex parte communications with attorneys for the United States, and generally withholding supplemental and sealed documents from her.

After carefully reviewing the district court's dismissal *de novo*, *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc), we affirm its judgment for essentially the same reasons as articulated by that court.  Counter Saldana-Fountain's assertions, the United States and Chavez Defendants defended against her complaint by filing motions to dismiss; consequently, the district court did not err when it found that entering default judgment was inappropriate. *See* Fed. R. Civ. P. 55(a);

*see also Song v. Deeds*, 947 F.2d 951, 1991 WL 223980, at *1 (9th Cir. 1991) ("[T]he district court was correct in stating that the motion to dismiss constituted an effort to 'otherwise defend' the suit and that default should not have been entered against defendants.").

In addition, because Saldana-Fountain attributes her delay in contesting the EEOC's decision to a mistake by her lawyer (that she discovered four years ago), the district court did not err when it refused to equitably toll or equitably estop the statute of limitations on her Title VII and Rehabilitation Act claims. *See Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) ("We are reluctant to apply equitable tolling to situations of attorney error or neglect, because parties are bound by the acts of their lawyer."); *Bradford v. La. State Univ. Med. Ctr.*, 129 F.3d 606, 1997 WL 680360, at *1 (5th Cir. 1997) ("[E]ven if attorney neglect was a ground for equitable tolling, plaintiff waited over 90 days after learning that her attorney never filed a complaint before she filed a complaint on her own behalf.").

The district court also did not err when it declined to exercise supplemental jurisdiction over Saldana-Fountain's state law claims against the Chavez Defendants. "[F]ederal-question jurisdiction over a claim may authorize a federal court to exercise jurisdiction over state-law claims that may be viewed as part of the same case because they 'derive from a common nucleus of operative fact' as the federal claim." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351 (2006) (quoting *United Mine workers of Am. V. Gibbs*, 383 U.S. 715, 725 (1966). Here, the district court correctly determined that there is no "common nucleus of operative fact" among Saldana-Fountain's federal and state law claims. As Saldana-Fountain concedes, all of her state law claims relate to the Chavez Defendants' purported failure to inform her that she needed to file any federal claim within 90 days. Consequently, "[n]ot only did the two series of events—the discrimination at WBAMC and the torts

committed by the Chavez Defendants—allegedly occur years apart, but they involved different people in different settings in different areas of law, and are patently unrelated."

Finally, after carefully reviewing the record, we find no evidence of inappropriate ex parte communications between the district court and the United States. We also find no evidence that the district court withheld documents from Saldana-Fountain or that it inappropriately changed the filing date on her complaint. Furthermore, as the district court correctly states, any discrepancy regarding the filing date would not affect the outcome here given that the complaint was undisputedly filed sometime in February 2015—"far beyond the ninety-day limitation period."

AFFIRMED.